**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4564**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENJAMIN ROBERT SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:16-cr-00030-WO-1)

Submitted:  July 23, 2021                                    Decided:  July 29, 2021

Before NIEMEYER, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Robert Smith entered a conditional guilty plea to possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j), 924(a)(2), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and he was sentenced to 113 months in prison. As authorized by his conditional guilty plea, Smith's challenges on appeal the district court's order denying his motion to dismiss the § 924(c) charge, which was predicated on a substantive Hobbs Act robbery offense. According to Smith, Hobbs Act robbery does not qualify as a proper predicate for the § 924(c) charge under 18 U.S.C. § 924(c)(3)'s "force clause" and, after *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) (holding that "residual clause" of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague), Hobbs Act robbery cannot support the § 924(c) charge under § 924(c)(3)'s "residual clause."[*] We affirm.

We review a district court's denial of a motion to dismiss an indictment de novo where, as here, it depends solely on a question of law. *United States v. Said*, 798 F.3d 182, 193 (4th Cir. 2015). Although Smith is correct that the "residual clause" of § 924(c)(3) is unconstitutionally vague, *United States v. Davis*, __ U.S. __, __, 139 S. Ct. 2319, 2336 (2019), Smith's argument otherwise is foreclosed by binding precedent, *see United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that Hobbs Act robbery categorically

---

[*] This appeal has been in abeyance pending our decision in *United States v. Ali*, Appeal No. 15-4433, which issued on March 19, 2021. *See United States v. Ali*, 991 F.3d 561 (4th Cir. 2021).

qualifies as "crime of violence" under the "force clause" of § 924(c)(3)). We therefore find no error in the district court's denial of Smith's motion to dismiss the § 924(c) charge.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*